IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PEDRO CABRERA, | : | |
|     Plaintiff | : | Civil Action No. 1:12-cv-01750 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| AGENT GEORGE BAIRD and SEAN CORNICK, | : | (Magistrate Judge Blewitt) |
|     Defendants | : | |

## MEMORANDUM ORDER

Presently pending before the Court are a Report and Recommendation of Magistrate Judge Blewitt (Doc. No. 9) and Plaintiff Pedro Cabrera's objections thereto (Doc. No. 13). For the reasons that follow, the Court will adopt the Report and Recommendation.[1]

Plaintiff initiated this action by filing a complaint pursuant to 42 U.S.C. § 1983 on September 4, 2012, alleging that Defendants, on August 7, 2009, "endangered the welfare of my family and children (5) of my family by firing shots inside of my home to subdue and kill a family animal. Also endangered my unborn child during the process." (Doc. No. 1 at 2.) In his Report and Recommendation, Magistrate Judge Blewitt found that the complaint should be dismissed with prejudice pursuant to the screening requirements of the Prison Litigation Reform Act, 28 U.S.C. § 1915(e), because: (1) Plaintiff's claim is barred by the statute of limitations; and (2) the complaint fails to allege that Defendants were personally involved in the events upon which Plaintiff's claim is based. (Doc. No. 9 at 5-9.) Plaintiff objects to these findings.

---

[1] The Magistrate Act, 28 U.S.C. § 636, and Federal Rule of Civil Procedure 72(b), provide that any party may file written objections to a magistrate's proposed findings and recommendations. In deciding whether to accept, reject, or modify the Report and Recommendation, the Court is to make a de novo determination of those portions of the Report and Recommendation to which objection is made. 28 U.S.C. § 636(b)(1).

1

As a threshold matter, the Court must determine whether Magistrate Judge Blewitt correctly concluded that Plaintiff's claim is barred by the statute of limitations. A complaint filed under 42 U.S.C. § 1983 is "characterized as a personal-injury claim and thus is governed by the applicable state's statute of limitations for personal-injury claims." Dique v. N.J. State Police, 603 F.3d 181, 185 (3d Cir. 2010). In Pennsylvania, Section 1983 claims are subject to Pennsylvania's two-year statute of limitations on personal injury actions. 42 Pa. C.S. § 5524.

In his objections, Plaintiff asserts that "the August 7, 2009 date was an ongoing criminal matter which ended on July 19, 2012 see Brief(4) Therefore the statute of limitation has not expired it started July 19, 2012." (Doc. No. 13 at 3.) Plaintiff appears to be referring to a document titled "Plaintiff Brief," filed on September 12, 2012, stating that: (1) Defendants, after receiving a false tip that he was selling drugs, entered his residence on August 7, 2009; and (2) he was found not guilty of drug charges on July 19, 2012. (Doc. No. 7 ¶¶ 1-2.) Based on these assertions, Plaintiff is purportedly contending that Defendants' conduct during the prosecution of the criminal case establishes a wrong that was continuing in nature and did not end until the proceedings were resolved in July 2012. Under the continuing violations doctrine, "an action is timely so long as the last act evidencing the continuing practice falls within the limitations period; in such an instance, the court will grant relief for the earlier related acts that would otherwise be time barred ." Brenner v. Local 514, United Bhd. of Carpenters & Joiners of Am., 927 F.2d 1283, 1295 (3d Cir. 1991). "The focus of the continuing violations doctrine is on affirmative acts of the defendants" and a "continuing violation is occasioned by continual unlawful acts, not continual ill effects from the original violation." Cowell v. Palmer Twp., 263 F.3d 286, 293 (3d Cir. 2001). The doctrine, thus, "will not stop the ticking of the limitations

clock . . . [once] plaintiff obtained requisite information [to state a claim]. On discovering an injury and its cause, a claimant must choose to sue or forego that remedy." Barnes v. Am. Tobacco Co., 161 F.3d 127, 154 (3d Cir. 1998) (citation and internal quotation marks omitted).

Upon review of the complaint, Plaintiff's "Brief," which is essentially an amended complaint, and the objections to the Report and Recommendation, the Court finds that the essential facts giving rise to Plaintiff's cause of action occurred in August 2009. Plaintiff has not challenged Magistrate Judge Blewitt's conclusion – and his own allegations indicate – that he immediately knew of these facts when they occurred. Even accepting as true that criminal charges relating to the August 2009 incident were not resolved until July 2012, the statute of limitations nevertheless began to run when Plaintiff learned of the facts that should lead to the discovery of a cause of action, even in the event that some relationship between him and Defendants continued afterward. See, e.g., Marten v. Office of the Indiana Attorney Gen., No. 12-cv-195, 2012 WL 5207617, at *4 (S.D. Ind. Oct. 22, 2012). Magistrate Judge Blewitt, thus, did not err in concluding that Plaintiff's claim is barred by the statute of limitations.

**ACCORDINGLY**, on this 6th day of December 2012, **IT IS HEREBY ORDERED THAT** Magistrate Judge Blewitt's Report and Recommendation (Doc. No. 9) is **ADOPTED**, Plaintiff's complaint (Doc. No. 1) is **DISMISSED WITH PREJUDICE**, and the Clerk of Court is directed to close the case.

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania